**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MILLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| vs. | ) | |
| | ) | |
| POWER GRID ENGINEERING, | ) | **[On Removal from State Court of** |
| LLC, | ) | **Gwinnett County, 22-C-02214-S5]** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a) *et seq.*, Defendant Power Grid Engineering, LLC ("PGE"), hereby provides Notice of Removal of the above captioned action from the State Court of Gwinnett County, State of Georgia to the United States District Court For the Northern District of Georgia, and in support thereof states as follows:

### I.    PROCEDURAL HISTORY

1.    PGE is a named Defendant in Civil Action No. 22-C-02214-S5, in the State Court of Gwinnett County, Georgia, styled, *Christopher Milling v. Power Grid Engineering, LLC,* (the "Action").

2.      Christopher Milling ("Plaintiff") filed his Complaint in the Action on April 20, 2022 ("Complaint").   (Compl., Ex. A).   Defendant was served with summons and the Complaint on April 21, 2022.   (*See* Service of Process, Ex. B). There have been no other filings in the Action.

## II.      DIVERSITY OF CITIZENSHIP JURISDICTION

3.      A civil action brought in the state court of which the district court of the United States has original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

4.      The United States district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a).

## A.      Complete Diversity of Citizenship Exists

5.      Plaintiff is a resident of the State of Georgia.  (Compl., ¶ 1, Ex. A).

6.      Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of every State by which it is incorporated and where it has its principal place of business. "[A] limited liability company is a citizen of any state of which a member of the

company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

7.     PGE is registered as a foreign limited liability company in Georgia and a domestic limited liability company in Florida.  PGE's sole member is PGE Holding Corp., which is a corporation registered in Delaware with its principal place of business at 100 Colonial Center PKWY, STE 400, Lake Mary, Florida, 32746.

8.     Because Plaintiff is a citizen of Georgia and PGE's sole member is a corporation registered in Delaware with its principal place of business in Florida, complete diversity exists.

## B.     The Amount in Controversy Exceeds the Jurisdictional Minimum

9.     Under 28 U.S.C. § 1332, the U.S. District Courts have original jurisdiction over all actions between citizens of different states where the matter in controversy exceeds $75,000.00.

10.     Plaintiff alleges he was working at a Georgia Power Company substation as a power lineman for Pike Electric, LLC.  Plaintiff alleges the substation was supposed to be turned off with no energized areas.   While working on the substation, Plaintiff was allegedly electrocuted by energized lines, causing him to receive severe electrical burns and to burst into flames.  He alleges to have received severe and permanent injuries. He alleges negligence on behalf of PGE as an entity

and negligence against PGE based on a respondeat superior theory for the alleged negligent actions of PGE employees.  His damages allegations include claims for past, present, and future medical expenses, lost wages, and general damages for pain and suffering, shock, fright, and terror in being electrocuted.  He also alleges a claim for punitive damages.  (Compl., ¶¶ 1-20, 47, Ex. A).

11.    Because Plaintiff's claims are of a nature that the amount in controversy exceeds the jurisdictional minimum amount of $75,000, this Court has jurisdiction.

**C.    Unanimity Exists**

12.    When a civil action is removed, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

13.    PGE is the only defendant that has been served in this Action. Therefore, the unanimity requirement under 28 U.S.C. § 1446(b)(2)(A) is met.

**III.    PROCEDURAL REQUIREMENTS HAVE BEEN MET**

14.    Under 28 U.S.C. § 1446 (b), this Notice of Removal must be filed within thirty days of service of summons on Defendant.  Defendant was served with summons and the Complaint on April 21, 2022.  (*See* Service of Process, p. 1, Ex. B).  Accordingly, this Notice of Removal is timely filed.

15.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings filed in the state court Action are attached hereto.  (*See* Compl., Ex. A; Service of Process, Ex. B).

16.     Venue of the removal is proper under 28 U.S.C. § 1441(a) because this Honorable Court is the United States District Court for the district and division corresponding to the place where the state court Action is pending.

17.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia in accordance with 28 U.S.C. § 1446(d), along with the Notice of Notice of Removal, a copy of which is attached and will be served on all parties. (*See* Notice of Filing Notice of Removal, Ex. C).

**WHEREFORE, Power Grid Engineering, LLC,** without waiving, and in preserving all objections and motions, prays that the civil action now pending against it in the State Court of Gwinnett County, Georgia be removed therefrom to this Honorable Court and that further proceedings be conducted in this Honorable Court as provided by law.

This 20th day of May, 2022.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Joshua S. Wood*
Joshua S. Wood

Georgia Bar No.: 881696
J. Alex Prescott
Georgia Bar No. 966471
jwood@wwhgd.com
jprescott@wwhgd.com
*Attorneys for PGE*

3344 Peachtree Road, N.E.,
Suite 2400
Atlanta, Georgia 30326
Telephone: (404)-876-2700
Facsimile:  (404)-875-9433

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

*/s/ Joshua S. Wood*
Joshua S. Wood

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on all counsel of record via the Court's electronic filing system and electronic mail to all counsel of record as follows:

CANNELLA SNYDER, LLC
Tedra L. Cannella
Georgia Bar No. 881085
tedra@cannellasnyder.com
Robert H. Snyder
Georgia Bar No. 404522
rob@cannellasnyder.com
Rory A. Weeks
Georgia Bar No. 113491
rory@cannellasnyder.com
315 W. Ponce De Leon Ave
Suite 885
Decatur, Georgia 30030
404-800-4828
404-393-0365 (fax)
*Counsel for Plaintiff*

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Joshua S. Wood*
Joshua S. Wood
Georgia Bar No.: 881696
J. Alex Prescott
Georgia Bar No. 966471
jwood@wwhgd.com
jprescott@wwhgd.com
*Attorneys for PGE*

3344 Peachtree Road, N.E.,
Suite 2400
Atlanta, Georgia 30326
Telephone: (404)-876-2700
Facsimile:  (404)-875-9433