Case 1:22-cv-02020-SDG   Document 1-1   Filed 05/20/22   Page 1 of 11

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02214-S5**
**4/20/2022 12:30 PM**
**TIANA P. GARNER, CLERK**

STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHRISTOPHER MILLING, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION FILE |
| | * NUMBER _____ |
| POWER GRID ENGINEERING LLC, | * 22-C-02214-S5 |
| Defendant. | * |

## COMPLAINT

Plaintiff Christopher Milling files this Complaint, showing the Honorable Court the following:

## INTRODUCTION

On November 16, 2021, Christopher Milling was working as a power lineman on a Georgia Power Company substation located at 2350 Bethsaida Road, Riverdale, Georgia. The power at the substation was supposed to be turned off, and the substation was supposed to be de-energized, grounded, and made safe for workers. Mr. Milling was expressly told that the substation had no "hot" or energized areas. However, while working on the substation, he was electrocuted, causing him to suffer severe electrical burns and to burst into flames. Power Grid Engineering LLC was working on the substation and was responsible for monitoring the work being done and ensuring the safety of the linemen working. PGE failed to exercise reasonable care and breached the duty it owed to Mr. Milling to ensure the substation was safe and deenergized. PGE's negligence caused Mr. Milling severe and permanent injuries.

## PARTIES

1.

Plaintiff Christopher Milling resides in DeKalb County, Georgia.

2.

Defendant Power Grid Engineering LLC is a for-profit Florida corporation with its principal place of business at 100 Colonial Center Parkway, Suite 400, Lake Mary, Florida 32746.  PGE has registered to do business in Georgia and maintains a registered agent for service of process in Gwinnett County, Georgia.  PGE also has systematic and continuous contacts with Georgia through its extensive business operations in the state.  PGE may be served through its registered agent in Gwinnett County: CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia, 30046.

## JURISDICTION & VENUE

3.

This Court has subject-matter jurisdiction over this civil action for damages.

4.

PGE is subject to the jurisdiction of this Court because it is authorized to and does transact business in the State of Georgia.  This cause of action arises out of PGE's transaction of business in this state and PGE's tortious conduct in this state.

5.

Venue is proper in this Court because PGE maintains its registered agent in Gwinnett County, Georgia.

## OPERATIVE FACTS

6.

On November 16, 2021, Christopher Milling was an employee of Pike Electric, LLC working at the substation at 2350 Bethsaida Road, Riverdale, Georgia.

7.

On November 16, 2021, one or more PGE employees were also working at the substation.

8.

PGE describes itself as "a utility services firm, specializing in substation design, field testing and commissioning, and consultation for the power systems industry."[1]

9.

Within the substation, PGE labeled, configured, worked on, inspected, consulted, designed, installed, maintained, owned, operated, controlled, replaced parts, or otherwise managed the equipment.

10.

PGE labeled, configured, worked on, inspected, consulted, designed, installed, maintained, owned, operated, controlled, replaced parts, or otherwise managed the power lines connected to the substation.

11.

PGE was managing the project at the substation on November 16, 2021.

12.

PGE owed Pike employees, including Christopher Milling, a duty not to put those employees in danger of electrocution through its own affirmative acts of negligence.

13.

PGE breached its duty not to put Pike employees in danger of electrocution.

---

[1] Power Grid Engineering, https://powergridengineering.com/company/.

14.

PGE owed Pike employees, including Christopher Milling, a duty to monitor and supervise the work done at the substation to ensure that no one would be hurt.

15.

PGE breached its duty to monitor and supervise the work done at the substation to ensure that no one would be hurt.

16.

PGE owed Pike employees, including Christopher Milling, a duty to warn the employees that there were energized areas of the substation.

17.

PGE breached its duty to warn Pike employees that there were energized areas of the substation.

18.

PGE admits that it has a duty to supervise the projects it manages, and to ensure the safety of everyone on the site, even those who do not work for PGE.  On its own website, PGE agrees:

(a) "All PGE employees have the ***authority and responsibility*** to stop any unsafe acts or behaviors that is witnessed while working on any site."[2]

(b) "Power Grid Engineering holds its managers accountable for the integrity of the operations they supervise.  Our safety experts support and guide the safety and

---

[2] Power Grid Engineering, https://powergridengineering.com/safety/ (emphasis added).

compliance programs, but **the company expects its operations managers to take the lead**."[3]

(c) "[I]t's *our duty to apply safety analytics*, hazard/risk reduction techniques and governance systems *to every aspect of our operations*."[4]

(d) "***Our commitment to safe working practices extends beyond our work areas and employees***."[5]

19.

PGE employee Eric Clark, and other presently unknown PGE employees, were working at the substation on November 16, 2021. Mr. Clark conceded on that day that PGE had a duty to monitor the site and the work being done on it.

20.

Mr. Clark stated at the scene that he "should have been monitoring" Mr. Milling.

21.

After Mr. Milling was electrocuted, Mr. Clark admitted that there was an energized line at the substation.

22.

Mr. Milling, like his coworkers, was told that there were no energized areas of the substation.

---

[3] *Id.* (emphasis added).

[4] *Id.* (emphasis added).

[5] *Id.* (emphasis added).

23.

PGE failed to exercise due care to ensure the power lines and substation at issue were de-energized, grounded, and safe for the commencement of work.

24.

PGE had knowledge, both actual and constructive, of the need to properly de-energize, test, and ground all areas of the subject substation and the equipment located there but failed to exercise ordinary care to do so.

25.

PGE knew of, or by the exercise of due care, should have known of the dangerous condition existing at the substation and that the failure to correct the condition or warn the workers of the danger was likely to result in the precise electrocution injuries suffered by Mr. Milling.

26.

PGE failed to effectively guard against the danger of accidental worker contact with energized portions of the substation either by deenergizing and grounding the lines, relocating them, providing warnings, or installing protective covering or mechanical barriers.

27.

PGE had a duty to conduct a prework meeting with Mr. Milling before Mr. Milling performed work on November 16, 2021.

28.

PGE did not conduct a prework meeting with Mr. Milling on November 16, 2021.

29.

PGE had a duty to inspect the equipment at the substation for adherence to proper lockout/tagout procedures.

30.

PGE failed to inspect the equipment at the substation for adherence to proper lockout/tagout procedures.

31.

PGE breached its legal duty to exercise reasonable care in designing, operating, or monitoring the substation.

32.

Had PGE not wrongfully, recklessly, and negligently failed to monitor the workers and to ensure the substation was deenergized and safe for work, Mr. Milling would not have been injured.

33.

Mr. Milling had no actual or constructive knowledge of the danger at the substation.

34.

Mr. Milling exercised ordinary care and diligence for his own safety at all times relevant to this Complaint and under the circumstances then existing.

35.

PGE is vicariously liable for the negligence of its employees or agents and directly liable for its own failure to train and supervise its employees.

## **LIABILITY OF DEFENDANT**

### **COUNT ONE**
### **(Respondeat Superior)**

36.

Plaintiff incorporates by reference the preceding paragraphs.

37.

PGE's employees had a duty to exercise reasonable care when working and monitoring the work of others at the substation.

38.

PGE's employees breached their duties to use reasonable care by failing to act in a safe and prudent manner as described in the preceding paragraphs.

39.

PGE's employees' negligence proximately caused Mr. Milling's severe injuries and damages.

40.

At all times material to this action, the PGE employees were acting incident to and within the course and scope of their employment or agency with PGE; therefore, PGE is liable for the acts and omissions of its employees under the doctrine of respondeat superior.

### **COUNT TWO**
### **(Negligence of PGE)**

41.

Plaintiff incorporates by reference the preceding paragraphs.

42.

Among other duties, PGE had a legal duty to:

(a) train its employees and agents to comply with state, federal, and industry safety laws and regulations as well as PGE policies; and,

(b) supervise and ensure its employees followed state, federal, and industry safety laws and regulations, as well as PGE policies.

43.

PGE breached its duty to use reasonable care in the performance of its legal duties by failing to properly train and supervise its employees.

44.

PGE's negligence proximately caused Mr. Milling's injuries and damages.

### DAMAGES CLAIMED

45.

Mr. Milling's damages were proximately caused by the tortious acts and omissions of PGE or its employees, for which PGE is vicariously liable.

46.

PGE is liable for punitive damages because PGE and its employees' actions showed an entire want of care, which would raise the presumption of conscious indifference to consequences.  *See* O.C.G.A. § 51-12-5.1(b).

47.

Plaintiff seeks all damages recoverable under the law, including:

(a) the shock, fright, and terror Mr. Milling experienced as he was electrocuted;

(b) all components of the past, present, and future mental and physical pain and suffering endured by Mr. Milling because of his injuries;

(c)        all past and future economic losses, including past, present, and future medical bills and care and past, present, and future lost wages;

(d)        punitive damages to punish and deter PGE and its employees, for which PGE is vicariously liable.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for the following relief:

(a)        that summons issue requiring PGE to appear and answer as provided by law;

(b)        that Plaintiff have and recovers all damages for all compensable losses;

(c)        that all attorneys' fees, expenses, and costs of litigation be cast against PGE;

(d)        that service be had on PGE as provided by law;

(e)        that the Court award damages against PGE;

(f)        that pre- and post-judgment interest be awarded as allowed by law;

(g)        that Plaintiff have a trial by jury; and

(h)        for such other and further relief to which Plaintiff may be entitled at law or equity.

*Continued on next page*

Respectfully submitted on April 20, 2022.

                                          CANNELLA SNYDER LLC

                                          /s/ *Tedra L. Cannella*
                                          TEDRA L. CANNELLA
                                            Georgia Bar No. 881085
                                            tedra@cannellasnyder.com
                                          ROBERT H. SNYDER
                                            Georgia Bar No. 404522
                                            rob@cannellasnyder.com
                                          RORY A. WEEKS
                                            Georgia Bar No. 113491
                                            rory@cannellasnyder.com
                                          315 W. Ponce De Leon Ave.
                                          Suite 885
                                          Decatur, GA 30030
                                          (404) 800-4828
                                          (404) 393-0365 Fax

                                          **ATTORNEY FOR PLAINTIFFS**